DETROIT BANK AND TRUST COMPANY *v.* NUGENT

1. LANDLORD AND TENANT—HOLDOVER TENANT—WRONGFUL POSSES-
   SION—JUDGMENT—SUMMARY JUDGMENT.

   Summary judgment for plaintiff lessor was properly granted
   where defendant lessees admitted owing the rent for the
   period of their wrongful holding over and there were no
   issues of fact raised in the pleadings.

2. JUDGMENT—SUMMARY JUDGMENT—PLEADINGS.

   Failure of defendant lessees to raise in their pleadings the
   fact that plaintiff lessor had promised to provide them with
   a parking lot precluded defendants from raising that issue
   for the first time at the hearing on plaintiff's motion for sum-
   mary judgment inasmuch as a summary judgment is based
   on, and limited to, the pleadings (GCR 1963, 117.2).

3. JUDGMENT—SUMMARY JUDGMENT—HEARING—EVIDENCE.

   Defendant lessees were not denied the right to offer a defense
   at the hearing on plaintiff lessor's motion for summary judg-
   ment where the only testimony allowed on either side was
   as to the amount of unpaid rent and damages resulting
   from defendants' wrongful holding over where they ad-
   mitted in their pleadings that they owed the rent and, act-
   ing as their own counsel, obviously misunderstood the
   trial judge's various statements designed to point out that
   the law of contested cases had no application to a hearing
   on a summary judgment motion and erroneously interpreted
   the judge's remarks as an indication of prejudice.

Appeal from Wayne, John M. Wise, J.  Submitted
Division 1 April 4, 1970, at Detroit.  (Docket No.
6,998.)  Decided October 2, 1970.  Leave to appeal

REFERENCES FOR POINTS IN HEADNOTES
[1–3]  41 Am Jur, Pleadings § 340 *et seq.*

granted December 31, 1970, judgment reversed, and cause remanded for immediate trial. 384 Mich 791.

Complaint by Detroit Bank and Trust Company against Walter W. Nugent and Ruth M. Nugent to collect rent and damages on a leasehold. Defendants cross-claimed for damages for destruction or loss of property. Summary judgment for plaintiff. Defendants appeal. Affirmed.

*Miller, Canfield, Paddock & Stone (David J. Olmstead,* of counsel), for plaintiff.

*Walter W. Nugent, in propria persona.*

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and WEIPERT,* JJ.

PER CURIAM. This is an appeal from an order entered in the Circuit Court for the County of Wayne on January 31, 1969, granting appellee's motion for summary judgment.

Appellants conducted a miniature golf business known as "Fun Golf" on property leased from a former owner. The lease expired in 1960 and an extension expired in September, 1962. Appellants occupied the premises as hold-over tenants until March 9, 1967. On September 30, 1966, appellee purchased the property and on March 9, 1967, served appellants a thirty-day notice to terminate tenancy and vacate the premises by April 13, 1967. Appellants did not vacate until September 15, 1967 after a judgment was obtained by appellee ordering return of possession.

The present case was brought to collect rents and damages during the period of wrongful possession.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Rent was unpaid from April 1 to September 15, 1967. Appellants cross-claimed for damages, alleging that appellee caused loss or destruction of their property situated on the premises.

Appellee filed a motion for summary judgment which was granted after oral argument on January 31, 1969. Appellants appealed to this Court as of right. Appellee thereafter filed a motion to dismiss the appeal and/or affirm the judgment of the lower court for failure to serve a copy of the transcript. This Court denied that motion on October 24, 1969, granting appellants an extension of time.

Appellants have handled this entire case *in propria persona.* Although their briefs are in improper form and border on the contemptuous, the Court has given them and the oral argument full consideration, and has carefully reviewed the transcript. Appellants' major contention is that they were denied a hearing in the trial court in that they were not allowed to tell their side of the story, and that there were issues of fact. They sought to introduce testimony about a parking lot not having been provided, but as this is not raised in the pleadings, and summary judgment consideration is based on and limited to the pleadings, it could not be raised for the first time at the hearing.

Therefore, under GCR 1963, 117.2(3), there was no question of fact. Appellants admitted owing rent for April through July in the pleadings. They were still occupying the property through September 15, and owed rent for that period. The rent due for that period was $621.23, based on figures supplied by Mrs. Nugent. The trial judge reduced that amount to $310.75 and granted summary judgment.

Nor can we find merit in the claim that the trial judge denied appellants the right to offer a defense. The only testimony allowed on either side was as to

the amount of rent and damages. The remainder of the evidence was contained in the pleadings. Appellants at the hearing claimed that sending certain checks was a mistake, but by their pleadings admitted owing the amount. In actuality, neither side was allowed any extraneous comment.

It is unfortunate that appellants had no legal representation. They were afforded additional time to engage counsel by the trial judge but chose not to do so. They are necessarily bound by their own pleadings and admissions. It appears obvious that appellants misunderstood various statements of the trial judge, designed to point out that the law of contested cases had no application to a motion for summary judgment. This they erroneously interpreted as an indication of prejudice.

The order of the trial court is affirmed, with costs to appellee.